# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 678 - 3 | **DATE** | 7/18/2003 |
| **CASE TITLE** | USA vs. Tarantur | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss and sever his trial from that of his co-defendants.
(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| MPJ | courtroom deputy's initials |

number of notices: 4

JUL 21 2003 date docketed

7/18/2003 date mailed notice

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02 CR 678 |
| JEFFREY GROSSMAN, DONALD GRAUER, and DALE TARANTUR, | ) | |
| Defendants. | ) | |

DOCKETED
JUL 2 1 2003

**MEMORANDUM OPINION AND ORDER**

Dale Tarantur was an accountant to and employee of companies operated by Jeffrey Grossman and Donald Grauer, two Chicago real estate developers. According to the government, Mr. Grossman and Mr. Grauer defrauded banks and investors who advanced money in connection with the development of two large residential properties. On July 11, 2002, FBI agents arrived at the offices maintained by Mr. Grossman and Mr. Grauer with a search warrant. Mr. Tarantur was the only employee present, and he was interviewed by one of the agents.

On February 26, 2003, Mr. Tarantur was charged with three counts in the 35-count indictment returned against the three defendants. In Count 25, he is charged under 18 U.S.C. §§ 1014 and 2 with knowingly providing a forged document to a bank's escrow agent, in Count 34 under 18 U.S.C. § 1503 with conspiracy to obstruct justice, and in Count 35 under 18 U.S.C. § 1001 with lying to a federal agent. Mr. Tarantur now moves to dismiss counts 34 and

35, to sever his trial from that of his co-defendants, and to suppress his statements to the FBI agent. I deny the motions to dismiss and to sever, and order an evidentiary hearing on the suppression question.

I.

Mr. Tarantur argues that an indictment under 18 U.S.C. § 1503, as alleged in Count 34, must specifically allege that the defendant knew that a judicial proceeding was underway at the time he committed the complained-of acts, and that the charge must be dismissed because it fails to do so. "An indictment is sufficient if it (1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995). The elements of obstruction of justice, as expressed in the Seventh Circuit's pattern jury instructions, are:

> First, that the defendant influenced ... or endeavored to influence ... the due administration of justice; Second, that the defendant acted knowingly; and Third, that the defendant's acts were done corruptly, that is ... with the purpose of wrongfully impeding the due administration of justice.

*7th Cir. Fed. Jury Instructions - Criminal*, 1999, at 272. Count 34 of the indictment charges that Mr. Tarantur "knowingly" and "corruptly" conspired[1] to "influence, obstruct, and impede" the

---

[1]The government notes that it incorrectly phrased Charge 34 as one of *conspiracy* to obstruct justice, rather than obstruction of justice. It is currently seeking a revised charge. This incorrect

2

"due administration of justice." This is sufficient. An indictment need not contain the exact words "Mr. Tarantur was aware of pending judicial proceedings." The statements that he knowingly and corruptly interfered with the due administration of justice meets the standard laid out in *Allender*. Mr. Tarantur cites to no cases which hold otherwise.

## II.

Mr. Tarantur argues that Count 35 must be dismissed because even if he did lie to an FBI agent, such an event was not "within the jurisdiction" of the FBI as required by 18 U.S.C. § 1001. It is clear, however, that the "within the jurisdiction" clause of § 1001 includes false statements to FBI agents. *See, e.g., United States v. Cherif*, 943 F.2d 692 (7th Cir. 1991) (affirming a conviction under § 1001 where the defendant lied to an FBI agent). The motion to dismiss Count 35 is denied.

## III.

Mr. Tarantur argues that any statements he made during his interview with an FBI agent at his office should be suppressed under *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Dickerson v. United States*, 530 U.S. 428 (2000) because he was not informed of his right to remain silent or to have a lawyer present during questioning. As the *Miranda* rights do not attach unless a suspect

---

wording will indeed present a problem if not resolved; however, it is separate from the issue raised by Mr. Tarantur in his motion to dismiss Count 34.

3

is in custody, *Oregon v. Mathiason*, 429 U.S. 492, 494 (1977), a threshold question is whether Mr. Tarantur was in custody at the time he made the statements. In answering that question, I must look to the totality of the circumstances to determine how a reasonable man in Mr. Tarantur's position would have understood the situation. *United States v. Crossley*, 224 F.3d 847, 861 (7th Cir. 2000).

A factual dispute between the parties prevents me from answering that question at this stage. Mr. Tarantur claims that when the FBI agents entered his workplace, he was ordered to remain in his office and forbidden to use the telephone. The agent in question, however, claims that she informed Mr. Tarantur that he was free to leave at any time. If so, Mr. Tarantur was not in custody during the interview. *See Crossley*, 224 F.3d at 847 (holding that a defendant was not in custody during an interview in his workplace on very similar facts); *United States v. Mahan*, 190 F.3d 416 (7th Cir. 1999) (same). A hearing to determine the facts must be held.

### IV.

Mr. Tarantur's final motion is to sever his trial from that of his co-defendants. FED. R. CRIM. P. 14. permits separate trials if a defendant would be prejudiced by a joint trial. Joint trials of defendants who were participants in a common criminal scheme are heavily favored in this circuit. "[T]he economies of a single trial

4

in all but the most unusual circumstances outweigh the danger of prejudice to the least guilty or [the possibility of] prejudice to all defendants because of sheer confusion." *United States v. Hardin*, 209 F.3d 652, 664 (7th Cir. 2000). The classic scenario where failure to sever would be prejudicial involves circumstances where damaging evidence would be admissible in a joint trial, but inadmissible in severed trials. *Id.*

Mr. Tarantur proposes that judicial expediency would be served by severance, but he offers no credible explanation why two trials would resolve the issues more efficiently than one. He points to *United States v. Andrews*, 754 F. Supp. 1161 (N.D. Ill. 1990) (Aspen, J.), a massive case against an alleged street gang involving 38 defendants and a 175-count indictment. However, in granting severance in that case due to the public burden of conducting such a gargantuan joint proceeding, Judge Aspen noted that "it is clear that a 'monster' trial such as the one proposed here presents uniquely significant inefficiencies and hardships" to the judicial system. *Id.* at 1175. The three-man conspiracy alleged here simply does not raise the logistical nightmare posed by a joint trial in *Andrews*. No defendant in *Andrews* was granted a solo trial; the twenty-nine defendants whose trials were affected by the decision were divided among five trials of two or more defendants each. *Id.* at 1184 *et seq*. *Andrews* does not support Mr. Tarantur's position.

5

Most of Mr. Tarantur's motion focuses on the argument that denial of severance would be prejudicial to him. His co-defendants are charged with multiple fraudulent acts over the course of several years, involving many millions of dollars; he is charged with one act of assistance to that scheme and two of helping to hide it. He states that the oceans of damning evidence that the government will produce in the course of proving the massive fraud allegedly perpetrated by his co-defendants will "spill over" and poison the jury's minds against him, or else will so overwhelm the jury with information that they will be unable to distinguish between the various defendants and alleged wrongful acts.

In order to succeed on the "spill-over" or jury confusion arguments, Mr. Tarantur must "rebut the dual presumptions that a jury will (1) capably sort through the evidence and (2) follow limiting instructions from the court to consider each defendant separately." *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995) (internal quotation omitted). This he fails to do.

In fact, courts have been quite willing to approve joint trials in cases that, like this one, involve alleged minor players in a larger scheme. *See, e.g., Hardin*, 209 F.3d at 665 (upholding the conviction of a low-level drug courier tried jointly with the individual who orchestrated the drug business); *Stillo*, 57 F.3d at 577 (upholding the conviction of a an individual under RICO who participated in one episode of a pervasive pattern of corruption

and who was tried jointly with his co-defendant, who committed the predicate acts justifying prosecution under RICO). Mr. Tarantur has not shown why these cases should not apply here.

The motion to dismiss is DENIED. The motion to sever is DENIED. A hearing will be held on the motion to suppress.

**ENTER ORDER**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: July 18, 2003